REQUESTED BY: Senator Steve Wiitala Nebraska State Legislature 1120 State Capitol Lincoln, Nebraska 68509
Dear Senator Wiitala:
You have asked what authority currently exists for a parent to commit a child to a mental hospital. The Nebraska Mental Health Commitment Act, Neb.Rev.Stat. §§ 83-1001 et seq. (Reissue 1981), provides procedures for the voluntary and involuntary commitment of individuals.
Under this Act, a parent could initiate commitment proceedings by communicating a belief to the county attorney that his or her child is a mentally ill dangerous person. If the county attorney concurs in such a belief, he could institute proceedings to commit the child through the filing of a formal petition. This would result in a hearing before the local mental health board. Under such a procedure, the child would be treated as any other subject of a mental health proceeding including entitlement to those rights enumerated in Neb.Rev.Stat. §§ 83-1048 to 83-1064 (Reissue 1981). These rights would include the right to a hearing, the right to be advised of the reasons alleged for believing he is a mentally ill dangerous person, the right to counsel or to have counsel appointed if the subject is an indigent, the right to an independent evaluation, the right to present witnesses and testimony, including his own testimony, and the right to confront and cross examine adverse witnesses and evidence. A subject may voluntarily waive these rights if the waiver is made `personally, intelligently, knowingly, understandingly and voluntarily by the subject, and such subject's parent or legal guardian if he or she is a minor or legally incompetent.' Neb.Rev.Stat. § 83-1064 (Reissue 1981) (Emphasis added).
You have also asked specifically if section 83-1019 allows parents to commit children to mental hospitals. Neb.Rev.Stat. § 83-1019 (Reissue 1981), states that `Any individual may apply for his own voluntary admission to any public or private hospital. . . .' Thus a parent's application on behalf of a child would not qualify as a voluntary admission of the subject under this statute.
We have attempted to briefly condense the Nebraska laws on mental health commitment of minors. If we have not adequately addressed your concerns, please let us know.
Sincerely, PAUL L. DOUGLAS Attorney General Linda L. Willard Assistant Attorney General